UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Bonilla as Chairman and Ken Walters as Co-Chairman of the Board of Trustees for the Operating Engineers Health and Welfare Trust Fund, et al,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Neville Structures dba Neville Brothers, Inc., a business entity, and Steve Neville, an individual,<br><br>　　　　Defendants.<br>_____/ | No. C-05-3410 CW (WDB)<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING RE MOTION FOR DEFAULT JUDGMENT** |

　　　Judge Wilken has referred plaintiffs' Motion for Default Judgment to the undersigned.

　　　**By Thursday February 2, 2006, at 3:00 p.m.,** plaintiffs must file with the Court and serve on defendants a supplemental submission addressing the follow issues.  <u>If, for economic or other reasons, plaintiffs do not address any of the issues below, the court will conclude that plaintiffs have opted to waive the omitted request or argument</u>.

　　　(1)　Plaintiffs' request for damages includes liquidated damages pertaining to contributions for work performed in October 2004.  It appears that

1

contributions for this work were delinquent but were paid in December 2004, before plaintiffs filed the Complaint in this action.

ERISA compels the court to award plaintiffs "liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court [as unpaid contributions]." 29 U.S.C. §1132(g)(2)(C)(ii). Liquidated damages are "mandatory and not discretionary" if "the following three requirements [are] satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Northwest Administrators, Inc., v. Albertson's Inc.,* 104 F.3d 253 (9th Cir. 1996) citing *Idaho Plumbers & Pipefitters v. United Mechanical Contractors, Inc.,* 875 F.2d 212 (9th Cir. 1989).

If the first requirement is not met plaintiffs are not entitled to liquidated damages under ERISA. Said another way, plaintiffs are *not* entitled to statutory liquidated damages with respect to contributions that were delinquent but were paid before the date the Complaint was filed.

Plaintiffs MUST recalculate their damages request to eliminate liquidated damages pertaining to the October 2004 contributions. Additionally, plaintiffs indicate that they have assessed interest on those liquidated damages. Accordingly, plaintiffs MUST also recalculate their request for interest to eliminate interest on those liquidated damages.

(2) With respect to the October 2004 contributions, plaintiffs might, however, be entitled to liquidated damages as a matter of contract. *Idaho Plumbers*, 875 F.2d at 217 (§1132(g)(2) does not preempt the federal common law of liquidated damages when that section does not apply); *Board of Trustees v. Udovch*, 771 F.Supp. 1044 (N.D. Cal 1991).

A contractual "liquidated damages provision is enforceable in this setting, and not void as a penalty, only if (1) 'the harm caused by a breach [is] very

2

difficult or impossible to estimate' and (2) the fixed amount is 'a reasonable forecast of just compensation for the harm caused.'" *Udovch*, 771 F.Supp. at 1048 citing *Idaho Plumbers*, 875 F.2d at 217.

As stated in *Udovch* "[w]hen an employer is delinquent in paying contributions into a fringe benefit trust fund, the fund suffers some kinds of harms that are very difficult to gauge." 771 F. Supp. at 1049.

With respect to the second prong of the test, whether the fixed amount represents a reasonable forecast for the harm caused, we focus on the "parties' intentions." *Udovch*, 771 F. Supp. at 1048. The negotiating parties "must make a good faith attempt to set an amount equivalent to the damages they anticipate." *Idaho Plumbers*, 875 F.2d at 217. For the reasons explained in *Udovch* we focus "on the character of the process that led, at the time the contract language was drafted, to the fixing of the liquidated damages figures or formulas." 771 F.Supp. at 1048. We look for evidence that "the drafters made a good faith effort to determine that there would be a rational relationship between the damages that would be paid under the clause and the harms that would be suffered *in most of the situations that were reasonably foreseeable*." 771 F. Supp. at 1049 (emphasis in original). More specifically, we look for evidence:

> (1) that the drafters gave some thought to the kinds of harms that the liquidated damages provision would embrace, (2) that other more direct provisions were not made for compensation for at least the bulk of the harms intended to be so embraced, and (3) that it was not obvious, at the time of drafting, that the figure or formula selected would result, in a substantial percentage of instances in which it might be triggered, in amounts of money flowing from defendants to plaintiffs that clearly would be larger than necessary to compensate for the kinds of harms the plaintiffs were likely to in fact suffer.

*Udovch*, 771 F.Supp. at 1048. Plaintiffs may not receive <u>contractual</u> liquidated damages if such damages would constitute nothing more than a "penalty."

Plaintiffs have submitted no evidence or argument that would support a finding that the liquidated damages provision found in the governing contracts is

3

'a reasonable forecast of just compensation for the harm caused.'  If plaintiffs wish to obtain a judgment for contractual liquidated damages with respect to the October 2004 contributions they must submit supplemental evidence and argument in support of that request.

(3) The governing contracts provide for interest at the rate of 12% per annum.  Plaintiffs state that interest is assessed each month at the rate of 1% <u>and</u> that interest is assessed on <u>previously accrued interest</u>.  Where in the collective bargaining agreement and/or Trust Agreements are these practices authorized?

(4) Plaintiffs seek attorneys' fees at the rate of $225 per hour.  Plaintiffs have submitted <u>no</u> information about the experience of the attorneys who performed work on this case to justify the rate sought.

(5) Plaintiffs' request for costs includes a charge for a "messenger fee."  What was being delivered and to whom?

(6) Plaintiffs request an audit.  Plaintiffs must describe the procedure that will be followed by the auditor and must state whether this procedure provides <u>defendants</u> with an opportunity to participate and/or to object.

(7) Plaintiffs seek judgment against Steve Neville, individually, on the ground that he constitutes the "employer" as that term is defined by ERISA <u>and</u> on the <u>alternate</u> ground that he is a "fiduciary" who exercises control over plan assets.  Motion at 5-6.  In the Ninth Circuit, employer contributions do not become "plan assets" "[u]ntil the employer pays the employer contributions over to the plan." *Cline v. The Industrial Maintenance Engineering & Contracting Co*., 200 F.3d 1223, 1234 (9th Cir. 2000).

If plaintiffs do not submit additional authority on this subject the court will assume that plaintiffs <u>continue</u> to pursue their contention that Mr. Neville is liable as the "<u>employer</u>" but forego their *alternate* contention that he is liable as a "fiduciary."

4

(8)   Plaintiffs ask for a declaration that they are entitled to post-judgment interest at the contract rate as well as attorneys' fees and costs incurred to enforce the judgment.  Absent persuasive authority to the contrary, it is the court's view that this request is premature, and the court will recommend that Judge Wilken not address these requests at this time.  We also will recommend that Judge Wilken not preclude plaintiffs from requesting post-judgment interest and/or fees and costs incurred to enforce the judgment at the appropriate time after Judge Wilken enters a final judgment.

**If defendants wish to respond to plaintiffs' February 2nd submissions or any other matters set forth in plaintiffs' Motion for Default Judgment, then by Thursday, February 9, 2006, at 3:00 p.m.**, defendants must file with the court and serve on plaintiffs a letter asking the court to grant defendants permission to respond and to set a briefing schedule.

**The Court ORDERS plaintiffs to serve a copy of this Order on defendants immediately.**

IT IS SO ORDERED.

Dated: January 27, 2006

/s/ Wayne D. Brazil
WAYNE D. BRAZIL
United States Magistrate Judge

Copies to:
Plaintiffs with direction to serve defendants,
CW,  wdb, stats